```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION


KENNETH J. HUDSON,

        Petitioner,

                               Case No. 8:14-CV-1175-T-30TGW
                                        8:12-CR-86-T-30TGW
UNITED STATES OF AMERICA,

        Respondent.
_____/
```

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Brief in Support (Cv-D-1; Cr-D-83; Cv-D-2), the Government's response (Cv-D-9), and Petitioner's reply (Cv-D-10)..

By way of background, in March 2012, Petitioner was charged with possession of a firearm by a convicted felony in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On July 24, 2012, a jury found Petitioner guilty of both Counts of the Indictment.

The Presentence Investigation Report determined that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e). Specifically, Petitioner had two 1995 convictions for aggravated assault with a firearm and two 2001 Florida convictions for sale of cocaine. (PSI ¶28-29.) As a result of the armed career criminal enhancement, his total offense level was enhanced from a level 30 to a level 34, and his criminal

history was enhanced from a category IV to a VI. Petitioner's guideline sentencing range was 262 to 327 months. Further, Petitioner faced a minimum mandatory sentence of imprisonment of 15 years as to Count One of the Indictment pursuant to 18 U.S.C. § 924(e). (PSI ¶95.)

Defense counsel did not object to the guideline calculations at sentencing. He, however, sought a sentence of no more than 15 years. The Court granted a 52-month downward variance from Defendant's sentencing guideline range of 262 to 327 months. The Court sentenced Petitioner to a term of 210 months as to Count One and a term of imprisonment of 120 months as to Count Two to run concurrent. Petitioner appealed claiming that any sentence above 15 years would be unreasonable and greater than necessary to accomplish the goals of sentencing. The Eleventh Circuit, in affirming the sentence, found that the sentence was not procedurally or substantively unreasonable. United States v. Hudson, 518 Fed. Appx. 925 (11th Cir. 2013).

Petitioner timely filed his § 2255 motion claiming as follows: (1) Petitioner is actually innocent of being an armed career offender because his prior drug offenses do not qualify as "serious drug offenses"; and (2) ineffective assistance of counsel in failing to file a motion to suppress an illegal search and seizure. The Court addresses each claim in turn.

I.  ARMED CAREER CRIMINAL ENHANCEMENT

Petitioner claims that his prior drug convictions are not qualifying convictions of "serious drug offense[s]" under the 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because they are strict liability crimes.[1] In support of his contention, Petitioner relies on Descamps v. United States, 133 S.Ct. 2276 (2013).

In Descamps, the Supreme Court addressed whether a prior conviction under the California burglary statute qualified as a "violent felony" under the residual clause of the Armed Career Criminal Act. The Supreme Court clarified that the modified categorical approach could not be applied to indivisible statutes that criminalize a broader range of conduct than the ACCA. Descamps, 133 S.Ct. at 2293.

The Government argues that Petitioner procedurally defaulted this claim by failing to raise the issue on direct appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir.), cert. denied, 543 U.S. 891 (2004). A defendant's failure to raise § 2255 grounds on direct appeal will only be excused if the defendant can show cause excusing his failure to

---

[1] Petitioner does not make any claim as to his convictions for aggravated assault with a firearm.

3

previously raise such issues and actual prejudice resulting therefrom. Bousley v. United States, 523 U.S. 614, 622 (1998); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Alternatively, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Mills, 36 F.3d at 1055 (citation omitted).

In an attempt to overcome procedural default, Petitioner claims that he is actually innocent of the enhancement. The actual innocence exception is inapplicable here, however. Specifically, the actual innocence exception does not apply to claims of legal innocence. McKay v. United States, 657 F.3d 1190 (11th Cir. 2011), cert. denied, 133 S.Ct. 112 (2012). The McKay court explained:

> McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

McKay, 657 F.3d at 1199.

More recently, the court in Hill v. United States, --- Fed. Appx. ----, 2014 WL 2722534, at * 2 (11th Cir. April 4, 2014)[2],

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

4

found that the district court did not error in denying the prisoner's § 2255 motion as procedurally defaulted. The Eleventh Circuit found that the prisoner's claim that he was legally innocent of a "violent felony" for purposes of an enhancement sentence under the ACCA did not satisfy the actual innocence exception. Id.

Similarly, Petitioner does not contend that he did not commit the Florida drug offenses. Rather, Petitioner disputes the legal classification of those offenses as "serious drug offenses" for purposes of the armed career criminal enhancement. As Petitioner argues legal innocence rather than factual innocence, Petitioner fails to demonstrate actual innocence to excuse his failure to raise his claim earlier.

As a second basis for cause to overcome procedural default, Petitioner appears to claim that his attorney was ineffective in failing to raise the ACCA issue at sentencing and on appeal. A meritorious claim of ineffective assistance may satisfy the cause exception to a procedural bar. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000), cert. denied, 531 U.S. 1131 (2001).

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting

therefrom. Id. at 687.

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment. Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry."

Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

With regard to the second prong, the petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694-95. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694. A petitioner must show a "substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (citation omitted).

Petitioner fails to meet this standard. While Petitioner's counsel did not challenge the prior drug convictions as a basis of his armed career offender designation, Circuit Court precedent foreclosed such an argument. Specifically, at the time of Petitioner's sentencing and appeal, it was the well settled law of

the Eleventh Circuit that a drug offense in violation of Florida statute section 893.13(1)(a) constituted a "serious drug offense" for purposes of the ACCA. United States v. Pitts, 394 Fed. Appx. 680, 683-84 (11th Cir. 2010) (per curiam) (sale or delivery of cocaine in violation of Florida law constitutes "serious drug offense" for ACCA purposes); United States v. Adams, 372 Fed. Appx. 946, 950-51 (11th Cir.) (per curiam) (violation of Fla. Stat. § 893(1)(a) making it unlawful to possess with the intent to sell, manufacture, or deliver a controlled substance is a "serious drug offense"); United States v. Hodges, 186 Fed. Appx. 959, 962 (11th Cir. 2006) (per curiam) (possession of cocaine with intent to sell qualifies as a "serious drug offense"). Given the existing law, counsel was not constitutionally ineffective in failing to challenge the prior convictions on appeal. In this regard, the failure to foresee a change in law does not constitute ineffective assistance of counsel. United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001).

Furthermore, Petitioner cannot show prejudice. Petitioner was correctly sentenced as a armed career criminal and, as such, there was no basis to object or appeal and no cause for Petitioner's procedural default. First, Descamps has not been found to apply retroactively on collateral review. Johnson v. United States, Case Nos. 8:14-CV-1139-T-30EAJ; 8:03-CR-184-T-30EAJ, 2014 WL 2215772, at * 2 (M.D. Fla. May 27, 2014). Furthermore, it is not applicable

to the facts of this case.

Section 924(e)(1) provides that a for a minimum mandatory sentence of 15 years for any person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A "serious drug offense" is either a federal drug offense punishable by a maximum term of 10 years' imprisonment or longer, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," also punishable by a maximum term of 10 years' imprisonment or longer. 18 U.S.C. § 924(e)(2)(A). A defendant who is subject to an enhanced sentence under § 924(e) is an "armed career criminal." U.S.S.G. § 4B1.4(a).

Petitioner had two prior convictions for sale of cocaine in violation of Fla. Stat. § 893.13(1)(a). (PSI ¶46.) Under Florida law, sale of cocaine is a second degree felony punishable by a maximum of 15 years imprisonment. Fla. Stat. §§ 893.13(1)(a)(1) and 775.082(3)(c). While Petitioner argues that his drug convictions do not qualify as "serious drug offenses" because Florida law lacks a mens rea element whereas 21 U.S.C. § 841(a)(1) requires knowledge, the Eleventh Circuit recently rejected this argument in United States v. Johnson, --- Fed. Appx. ----, 2014 WL 2884098 (11th Cir. June 26, 2014). The court explained:

> Second, Johnson argues that his 2005 conviction cannot qualify as an ACCA predicate under the Supreme Court's decision in Descamps v. United States, --- U.S. ----, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), because his

>conviction does not contain the "knowingly or intentionally" element of 21 U.S.C. § 841(a)(1). His argument is a misapplication of the portion of Descamps that outlines how to determine if a prior conviction meets the generic elements for one of the enumerated "violent felonies" in 18 U.S.C. § 924(e)(2)(B)(ii). See Descamps, 133 S.Ct. at 2282-86. In this case we are dealing with "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii), not violent felonies. Descamps did not change the definition of serious drug offenses under the ACCA. And as explained above, both of Johnson's convictions meet § 924(e)(2)(A)(ii)'s definition of "serious drug offense." There was no plain error here.

Johnson, at *4.

Finally, Petitioner fails to recognize that his prior drug convictions were in 2001 when guilty knowledge was required as an element of the Florida offense. Chicone v. State, 684 So.2d 736, 738, 743-44 (Fla. 1996) (finding guilty knowledge of the presence of the substance as well as knowledge of illicit nature of the items he possessed are elements of the crime); Scott v. State, 808 So.2d. 166, 170-72 (Fla. 2002).[3] Thus, even if Descamps were applicable here, Petitioner would not be entitled to relief as Petitioner's pre-2002 drug convictions had the same elements as the Federal generic crime of sale or distribution of cocaine.

II. **Ineffective Assistance of Counsel - Motion to Suppress**

Petitioner's second claim is that his counsel rendered ineffective assistance in failing to file a motion to suppress the

---

[3] In 2002, the Florida Legislature enacted Florida Statute § 893.01 providing that "knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter." Fla. Stat. § 893.101(2).

search of his room. He essentially claims that law enforcement exceeded the scope of the warrant by searching his bedroom. He argues the apartment was not a "single family home" and his bedroom was not a "shared occupancy."

The Government responds that a motion to suppress would not have been successful and, as such, there is no ineffective assistance of counsel. The Government argues that because Petitioner lived in a single family residence with multiple bedrooms and common living areas, law enforcement was entitled to search the entire residence under the terms of the search warrant.

Failure to file a suppression motion does not constitute per se ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). In order to be entitled to relief on a failure to litigate a Fourth Amendment claim, a petitioner must show that the Fourth Amendment claim is meritorious and that there is a reasonable probability that but for his counsel's failure to file the motion to suppress, the outcome of the proceedings would have been different. Id. at 375.

"A search warrant for the entire premises of a single family residence is valid, notwithstanding the fact that it was issued based on information regarding the alleged illegal activities of one of the several occupants of a residence." United States v. Ayers, 924 F.2d 1468, 1480 (9th Cir. 1991). Morever, "[t]hat a dwelling might be shared with others is not, by itself, enough to

11

require officers to exclude portions of that dwelling from the warrant's scope: probable cause often exists to search the entire dwelling because it is reasonable to assume that the suspect has access to the entire dwelling." United States v. Schwinn, 376 Fed. Appx. 974, 981 (11th Cir. 2010) (citing United States v. Ayers, 924 F.2d 1468, 1480 (9th Cir.1991)), cert. denied, 131 S.Ct. 1466 (2011).

In Petitioner's case, a search warrant was issued on October 27, 2011, for the search of the premises located in the upper portion of the building at 642 29 Street South, St. Petersburg, Florida, which was believed to be under the care, custody, and control of Muhammad Hudson. The warrant provided for the search of "said premises and the curtilage thereof, and any persons thereon reasonably suspected of being involved in the illegal activity...." (Cv-D-9-1, p. 9-10.) According to the affidavit of Detective K. Haemmelmann of the St. Petersburg Police Department, filed in support of the warrant, a confidential informant was used to twice purchase crack cocaine from someone inside the residence. (Id. at p. 4-7.)

Both of the law enforcement officers who testified at trial regarding the execution of the warrant testified that when they breached the front door of the apartment, the door of the southeast bedroom was open and they could see Defendant inside the room. (Cr-D-72, p. 14, 32-33, and 59-60.) Detective Hammelman testified

that he saw Defendant sitting on the bed and saw him grab a firearm and toss it to his left. (<u>Id.</u> at p. 14.)

Further, the evidence at trial was that, while the utility bills were in Mohammed Hudson's name, the two bedroom apartment was shared by Mohammed Hudson and his brother, the Petitioner. (<u>Id.</u> at p. 21, 39-40.)  The Government presented video and photographic evidence demonstrating that the apartment had a shared living room, kitchen and bathroom. (Cr-GX 13, 13A, 15, 16.) Given the law and the evidence, there was probable cause to search the entire premises and law enforcement did not exceed the scope of the warrant by searching Petitioner's bedroom. As such, Petitioner's counsel was not ineffective in failing to file a motion to suppress, nor has Petitioner demonstrated resulting prejudice.

It is therefore ORDERED that:

1)  Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Cv-D-1; Cr-D-83) is DENIED.

2)  The Clerk is directed to enter judgment in favor of the Government and to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 28th day of August, 2014.

*William Castagna* (signature)

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE